UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVE FOLSE, JR.                                    CIVIL ACTION

VERSUS                                             NO. 05-0150

JO ANNE B. BARNHART,                               SECTION "N"(3)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

REPORT AND RECOMMENDATION

Before the court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act  with exhibits and supporting brief, which is unopposed.  For the following reasons, IT IS HEREBY RECOMMENDED that plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act (Rec. Doc. No. 20) be GRANTED in the full amount of Three Thousand Five Hundred Nineteen Dollars ($3,519.00).[1]

I. Nature of the Case

Plaintiff requested judicial review of a decision of defendant, Commissioner of Social Security Administration (Commissioner), denying an application for social security disability benefits. After several rounds of briefing as to the merits of plaintiff's appeal, the undersigned recommended that the case be reversed for lack of substantial evidence, and that the action be remanded to the Commissioner for reconsideration. The district judge to whom this action is

_____

[1]This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *See* Order of Referral (Rec. Doc. No. 18).

assigned adopted the magistrate judge's recommendation, and ordered the case remanded on May 30, 2006.[2]  That order of remand pursuant to Sentence Four of Section 405(g) constituted a final judgment.[3]

## II. Post-Judgment Application for Attorney's Fees

Plaintiff's Application for Attorney's Fees under Equal Access to Justice Act seeks a fee award and expenses in the amount of $3,519.00.  Counsel avers that he expended 20.0  hours of professional attorney time and 15.80 hours of paralegal time litigating this case.  Counsel requests compensation for his own and his paralegal's services at the rates of  $125.00  per hour and $55.00 per hour, respectively, as well as $150.00 in court costs incurred in filing the captioned matter.   Plaintiff's application is unopposed.

## III. Standards for Attorney Fee Awards

The Equal Access to Justice Act (EAJA), codified at 28 U.S.C. § 2412, et seq., authorizes district courts to award attorney's fees to parties who prevail in litigation against the United States. Section 2412(d)(1)(A) provides that attorney fees, costs, and expenses shall be awarded to a prevailing party opposing the government unless the position of the United States was substantially justified or special circumstances make an award unjust.   Section 2412(d)(2)(A)(ii) directs that attorney fees not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. Plaintiff's counsel seeks fees commensurate with and pursuant to the Act.

---

[2]*See* Order and Judgment entered May 30, 2006 (Rec. Doc. Nos. 13 and 14).

[3]*See* Shalala v. Schaefer, 509 U.S. 292, 301 (1993).

## IV. Application and Discussion

When United States district courts remand social security actions under sentence four of Section 405(g), the plaintiff (claimant) is a prevailing party for EAJA purposes.[4]   Consequently, plaintiff in this action is entitled to an award of attorney's fees, expenses and costs of court absent special circumstances or a showing that the position of the United States was substantially justified.  No special circumstances appear in this case and the Commissioner offers no proof or argument suggesting that the position of the United States was substantially justified.  By not filing a response to the plaintiff's application for fees despite the entry of a briefing order, the Commissioner indicates no opposition to the aforesaid application.  However, the court has a duty to independently examine the reasonableness of the fees requested.[5]

Plaintiff seeks an award for attorney time at a rate of $125 per hour consistent with the statutory maximum, which is reasonable.   The undersigned Magistrate Judge has determined that the hours of attorney and paralegal time were reasonably expended on the litigation in light of factors outlined in *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In the instant case, the itemization of time in support of EAJA fees attached to Plaintiff's Application for Attorneys' Fees can be readily grouped into the following general categories: review of file; preparation of the complaint; review of administrative record/ preparation of memoranda in support of remand; client communication; review of communications/pleadings/court orders; and preparation/ filing of plaintiff's Application for Award of Attorney's Fees.

---

[4]*See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993).

[5]*See, e.g., Curtis v. Bill Hanna Ford, Inc*., 822 F.2d 549, 551 (5 th Cir.1987).

It is clearly within this Court's discretion to allow reasonable fees for preparation of the complaint and steps taken initiating the appeal.[6]   A review of the listed hourly activities reveals that the plaintiff seeks payment of fees for time spent reviewing the administrative record, framing issues on appeal, conducting necessary research and drafting plaintiff's motions and supporting memoranda.  The Court finds that the hours charged for the foregoing legal work are reasonable.  Moreover, it is clear from a review of the counsel's itemization that he exercised billing judgment.

Similarly, the Court finds that the time charged for preparing and filing the instant fee application, 2.80 hours, is reasonable and warranted under the applicable law.  Finally, the docket reflects that the filing fee of $150.00 claimed as court cost was actually paid to the clerk of court when the complaint was filed and thus should be reimbursed as a litigation expense.

Applying an hourly rates of $125.00 to 20.00 hours (attorney's time)and $55.00 to 15.80 hours (paralegal's time), plaintiff's counsel is entitled to $3,369.00 plus $150.00 in court costs for a total of **$3,519.00**.

## RECOMMENDATION

Plaintiff's application for attorney's fees should be GRANTED. The court should order the Commissioner of Social Security to pay counsel for plaintiff fees, costs and expenses under the Equal Access to Justice Act in the total amount of **$3,519.00**.

## Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28

---

[6]*O'Neal v. Shalala*, 1995 WL 317311,*1 (E. D. La. May 23, 1995) (Lemelle, J.).

4

U.S.C. § 636(b)(1)(C).  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

New Orleans, Louisiana, this <u>26th</u> day of October, 2006.


DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE